IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

RECEIVED
01/09/2023 KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **JOHN ELLIS,**  Plaintiff,  v.  **UNITED AIRLINES,**  Defendant. | Case No.  *Jury Trial Demanded*  *Attorney Lien Claimed*  1:23-cv-00123  Judge Matthew F. Kennelly  Magistrate Heather K. McShain  Random Assignment |

# COMPLAINT

Plaintiff John Ellis brings this action against Defendant United Airlines ("United"). For his complaint, Plaintiff states as follows upon personal knowledge as to those matters pertaining to him individually and upon information and belief as to the remaining allegations:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 in that it arises under the laws of the United States and Acts of Congress regulating commerce, specifically the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., as amended.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims arose in this district and Defendant's headquarters is this district.

## PARTIES

3. Plaintiff Ellis is a citizen and resident of the state of Wisconsin and county of Waukesha.

4. Defendant United Airlines ("United"), is an airline company with more than 52,000 employees, headquartered in Chicago, Illinois, and doing business throughout the world.

5. Defendant United, at all times relevant to the claims alleged herein, upon information and belief, was and is an employer affecting commerce that employed fifteen (15) or more employees for each working day during the time period in which Plaintiff was employed by Defendant, as well as for twenty (20) or more calendar weeks preceding Plaintiff's employment with Defendant. *See* 42 U.S.C. § 12111(5)(A).

6. Due to the foregoing, this Court has jurisdiction over the parties and subject matter.

### PLAINTIFF'S STATEMENT OF FACTS

7. Plaintiff John Ellis realleges and incorporates by reference paragraphs 1 through 6 above as if fully set forth herein.

8. At all times relevant to the claims alleged herein, Plaintiff was an employee of Defendant United. *See* 42 U.S.C. § 12111(4).

9. During his career, Ellis was a first officer on the Boeing 737, 757, and 767 aircraft, and a Boeing 737 captain.

10. Upon information and belief, United Airlines management began contemplating mandating COVID vaccination for all of its pilots in January 2021.

11. In May 2021, United and the Airline Pilots Association ("ALPA") implemented a program designed to penalize unvaccinated pilots by restricting their ability to fly into certain designated destinations.[1]

---

[1] Plaintiff is concurrently a party to a case against ALPA for its failure to challenge Defendant's vaccine mandate. *See Wickstrom et al. v. ALPA Int'l*, No. 3:22-cv-00315 (W.D. Tex).

12. On or about August 6, 2021, United notified its workforce, including Plaintiff, that its members would have to be fully vaccinated against COVID-19 no later than September 27, 2021.

13. As part of this mandatory vaccination program, United began requiring pilots, including Plaintiff, to disclose to it the pilot's COVID vaccination status.

14. Plaintiff exercised his right to not disclose his vaccination status, and as a result, was regarded as unvaccinated by United.

15. Notwithstanding its concerns about its pilots' COVID status, United made no inquiries regarding whether any of its pilots had previously been infected with COVID-19.

16. In conjunction with its mandatory vaccination program, United began to discriminate against the unvaccinated pilots in its workforce by immediately placing them on leave and refusing to allow them to fly or otherwise perform the essential functions of their positions.

17. Accordingly, United regarded the pilots who were either unvaccinated, or whose vaccination status was unknown, as disabled, i.e., unable to perform the essential functions of their positions, with or without accommodation.

18. United also allowed, and even encouraged, vaccinated air crew members to disparage coworkers who were unvaccinated, or believed to be unvaccinated, thereby evincing its intent to regard those in the disfavored class of employees as disabled.

19. Plaintiff, along with other unvaccinated coworkers, was harassed and ridiculed by United management and, with the approval of United management, by other airline employees as being selfish, ignorant, and a threat to his coworkers and United passengers.

20. Plaintiff was also required to wear a special mask that marked him as unvaccinated, i.e., a workplace threat, whenever he personally interacted with other members of United's workforce.

21. United never engaged in any substantive actions to determine if Plaintiff individually constituted a direct threat to his co-workers.

22. United terminated Plaintiff's employment on November 1, 2021.

23. Plaintiff submitted a complaint to the Milwaukee Area Office for the Equal Employment Opportunity Commission ("EEOC") on or about May 30, 2022.

24. Plaintiff's executed Charge of Discrimination was submitted to the EEOC on October 5, 2022, under Charge Number 440-2022-06056.

25. EEOC issued its "Dismissal or Notice of Rights," i.e., "Right to Sue Letter," on October 11, 2022.

26. Accordingly, this Complaint is being filed within 90 days of the issuance of the Right to Sue Letter and is therefore timely.

## COUNT I

**Violation of the Americans with Disabilities Act (As Amended)**
**42 U.S.C. § 12112(d)(4)(A)**

27. Plaintiff John Ellis realleges and incorporates by reference paragraphs 1 through 26 above as if fully set forth herein.

28. United's demand for Plaintiff's vaccination information as a condition of continuing employment violates the prohibition against unjustified medical examinations and inquiries as provided under the Americans with Disabilities Act (As Amended) ("ADAAA").

29. Plaintiff's employment with United was terminated in part or in whole because he refused to provide his vaccination status to United.

4

30. Accordingly, Plaintiff is entitled to all damages arising from his unlawful termination, including reinstatement, back pay, health insurance, accumulated leave, and any other benefits to which he would have been entitled absent his termination.

## COUNT II

### Violation of the Americans with Disabilities Act (As Amended)
### 42 U.S.C. § 12102(3)

31. Plaintiff John Ellis realleges and incorporates by reference paragraphs 1 through 30 above as if fully set forth herein.

32. Both prior to and after announcing its vaccine mandate, United discriminated against Plaintiff because it regarded him as having a disability, i.e., being contagious with COVID-19 or about to become so.

33. United prohibited Plaintiff from performing all essential functions of his position, placed him on furlough, restricted his contact with coworkers, and ultimately terminated him based on its perception that he was contaminated with COVID-19, i.e., disqualified from his position on the basis of a disability.

34. Accordingly, Plaintiff is entitled to all damages arising from United's conduct, including reinstatement, back pay, health insurance, accumulated leave, and any other benefits to which he would have been entitled absent United's discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award Plaintiff compensatory and punitive damages in an amount to be determined, including pre- and post-judgment interest;

B. Award Plaintiff his reasonable attorney fees and costs of the suit; and

C. Grant such other and further relief as is just and proper under the circumstances.

5

Dated: January 9, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ John J. Michels, Jr.*
　　　　　　　　　　　　　　　　　　　　John J. Michels, Jr. (Illinois SBN: 6278877)
　　　　　　　　　　　　　　　　　　　　Federal Practice Group
　　　　　　　　　　　　　　　　　　　　1750 K Street N.W., Suite 900
　　　　　　　　　　　　　　　　　　　　Washington, D.C.  20006
　　　　　　　　　　　　　　　　　　　　Telephone:  (202) 862-4360
　　　　　　　　　　　　　　　　　　　　Facsimile:   (888) 899-6053
　　　　　　　　　　　　　　　　　　　　lmichels@fedpractice.com