**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **JOHN ELLIS,** | |
| Plaintiff, | No.  23-cv-00123 |
| v. | Honorable Judge Matthew F. Kennelly |
| **UNITED AIRLINES, INC.,** | Magistrate Judge Heather K. McShain |
| Defendant. | |

<u>**DEFENDANT'S MOTION TO DISMISS**</u>

Defendant United Airlines, Inc. ("United"), by and through its attorneys Littler Mendelson P.C., moves to dismiss the complaint filed by Plaintiff, John Ellis ("Plaintiff"), pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of its motion, United states as follows:

1.     Plaintiff, who is a Boeing 737 Captain formerly employed by United, advances two theories of liability under the Americans with Disabilities Act of 1990 ("ADA").  In Count I, Plaintiff alleges that United's requirement that he provide his COVID-19 vaccination status and obtain the COVID-19 vaccine is an unlawful medical exam or inquiry. (Dkt. No. 1, ¶ 28); *see also* 42 U.S.C. § 12112(d)(4)(A). In Count II, Plaintiff alleges that United regarded him as having the disability of "being contagious with COVID-19 or about to become so" and that "United terminated him based on its perception that he was contaminated with COVID-19" (Count II). (Dkt. No. 1, ¶¶ 32, 33); *see also* 42 U.S.C. § 12102(3).

2.     Plaintiff has failed to state a claim upon which relief may be granted.  With respect to Count I, federal district courts across the country have dismissed nearly identical ADA claims based solely on the existence of a COVID-19 vaccine mandate, finding that inquiry into vaccination status as part of a COVID-19 vaccine mandate is not an unlawful medical exam or

inquiry as a matter of law. With respect to Count II, courts have dismissed "perceived as" disability discrimination claims based on a refusal to comply with a COVID-19 vaccine requirement because the perception that a plaintiff is more likely to *become* unhealthy (i.e. contract COVID-19) is *not* a perception that they currently are disabled, as is required to state a claim under the ADA.

3.     Thus, as is true in every other case that has considered the alleged claims at issue here, Plaintiff fails to state a claim upon which relief can be granted, and his Complaint must be dismissed in its entirety for these reasons alone.

4.     Additionally, Plaintiff's claims are time-barred, and he has failed to satisfy his obligation to exhaust his administrative remedies; these facts provide further grounds for dismissal.

5.     The arguments and authorities in support of this Motion are set forth in Defendant's Memorandum in Support of its Motion to Dismiss, which will be filed contemporaneously, and is incorporated herein by reference.

WHEREFORE, Defendant United Airlines, Inc. respectfully requests that the Court grant its Motion to Dismiss Plaintiff's Complaint and further requests that it be granted such other relief as deemed appropriate by the Court.

Respectfully submitted,

UNITED AIRLINES, INC.

/s/Angela R. Huisingh
One of Its Attorneys

Shanthi Gaur, Bar No. 06224996
sgaur@littler.com
Angela R. Huisingh, Bar No. 6319257
ahuisingh@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, IL  60654
Telephone:     312.372.5520
Facsimile:      312.372.7880

Dated: April 27, 2023

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on April 27, 2023, she caused a copy of the foregoing ***Motion to Dismiss*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which will send notification of such filing to the following parties:

> John J. Michels, Jr.
> Federal Practice Group
> 1750 K Street N.W., Suite 900
> Washington, D.C. 20006
> lmichels@fedpractice.com

> Daniel K. Cetina
> James H. Knippen, II
> Walsh, Knippen & Cetina, Chartered
> 2150 Manchester Road, Suite 200
> Wheaton, IL 60187
> dan@wkc-lawyers.com
> jim@wkpc-law.com

> /s/Angela R. Huisingh
> Angela R. Huisingh