IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **JOHN ELLIS,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED AIRLINES, INC.,** <br><br> Defendant. | No. 23-cv-00123 <br><br> Honorable Judge Matthew F. Kennelly <br><br> Magistrate Judge Heather K. McShain |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, who is a Boeing 737 Captain formerly employed by United Airlines, Inc. ("United"), advanced two theories of liability under the Americans with Disabilities Act of 1990 ("ADA") in his initial Complaint. (Dkt. No. 1). On April 27, 2023, United moved to dismiss Plaintiff's Complaint with prejudice, noting that every court in the nation that has considered identical claims has granted dismissal as a matter of law. (Dkt. No. 19, at pp. 1-2). Plaintiff then voluntarily amended his complaint ("FAC"), but his amendment has not, and cannot, overcome the fatal flaws that require dismissal of his case. (Dkt. Nos. 1, 21).[1]

Plaintiff's claims purportedly stem from United's institution of a vaccine mandate in August 2021. Specifically, in Count I, Plaintiff alleges (as he did in his initial Complaint) that United's requirement that he provide his COVID-19 vaccination status and obtain the COVID-19 vaccine is an unlawful medical exam or inquiry. (Dkt. No. 21, ¶ 33); *see also* 42 U.S.C. § 12112(d)(4)(A). In Count II, Plaintiff alleges (as he did in his initial Complaint) that United

---

[1] Plaintiff requested and was granted until May 26, 2023 to file a second amended complaint to add additional plaintiffs to this action. (Dkt. No. 24). Plaintiff did not file a second amended complaint or seek additional time within which to do so.

regarded him as having the disability of "being contagious with COVID-19 or about to become so" and that United discriminated against him during his employment and "ultimately terminated him based on its perception that he was contaminated with COVID-19" (Count II). (Dkt. No. 21, ¶¶ 37, 38); *see also* 42 U.S.C. § 12102(3).

The FAC must be dismissed with prejudice because it fails to state a claim upon which relief may be granted, as a matter of law. With respect to Count I, federal district courts across the country have dismissed nearly identical ADA claims based solely on the existence of a COVID-19 vaccine mandate, finding that inquiry into vaccination status as part of a COVID-19 vaccine mandate is not an unlawful medical exam or inquiry as a matter of law. *See Sharikov v. Philips Med. Sys. MR*, 2023 WL 2390360, at * 15 (N.D. N.Y. Mar. 7, 2023) (consolidating cases) (slip op.); *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 835 (7th Cir. 2005) (quoting EEOC guidance).

With respect to Count II, courts have dismissed "perceived" or "regarded as" disability discrimination claims based on a refusal to comply with a COVID-19 vaccine requirement because the perception that a plaintiff is more likely to *become* unhealthy (i.e. contract COVID-19) is *not* a perception that they currently are disabled, as is required to state a claim under the ADA. *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019); *see also Friend v. AstraZeneca Pharms. LP*, 2023 WL 3390820, at *4 (D. Md. May 11, 2023) (dismissing ADA claim because the plaintiff did not allege facts showing he was "regarded as" having any physical or mental impairment that substantially limits a major life activity and "[v]accination status itself poses no hindrance to the performance of any tasks").

Thus, as is true in every other case that has considered the alleged claims at issue here, Plaintiff fails to state a claim upon which relief can be granted, and his FAC must be dismissed in its entirety for these reasons alone. Additionally, Plaintiff's claims are time-barred, and he has

failed to satisfy his obligation to exhaust his administrative remedies; these facts provide further grounds for dismissal.

I. **STANDARD**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (quotations omitted); *Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). To be facially plausible, the complaint must include sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In evaluating the sufficiency of a complaint, courts accept as true all well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor. *Mohammed v. Dupage Legal Assistance Found.*, 781 F. App'x 551, 552 (7th Cir. 2019) (affirming dismissal of ADA claim). Although a complaint need not include "detailed factual allegations," mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555; *Brode v. Xeris Pharm.*, 2023 WL 2711770, at *1 (N.D. Ill. Mar. 30, 2023) (slip op.).

II. **ARGUMENT**

    a. **Count I must be dismissed because mandatory vaccination policies and associated vaccine disclosure requirements are not medical exams or disability-related inquiries.**

In Count I of his FAC, Plaintiff alleges that United's COVID-19 vaccination policy and associated disclosure requirement violate Section 12112(d)(4)(A) of the ADA because they are purportedly "unjustified" medical examinations or disability-related inquiries. (Dkt. No. 21, ¶ 33). Plaintiff is mistaken: a policy requiring employees to obtain the COVID-19 vaccine and disclose their vaccination status is neither a medical examination nor a disability-related inquiry as a matter

of law. *Passarella v. Aspirus, Inc.*, 2023 WL 2455681, at *7 (W.D. Wis. Mar. 10, 2023) (slip op.); *Balow v. Olmsted Med. Ctr.*, 2023 WL 2776028, at *6 (D. Minn. Apr. 4, 2023) (a vaccine is not a procedure that seeks information about Plaintiffs' health and is not an inquiry into whether Plaintiffs have a disability). Thus, Count I must be dismissed.

Under Section 12112(d)(4)(A) of the ADA, an employer "shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A); (Dkt. 21, Count I).[2] A medical examination is "a procedure or test that seeks information about an individual's physical or mental impairments or health." *Karraker*, 411 F.3d at 835 (quoting EEOC guidance). An employer's inquiry implicates this section if it "would reveal disabilities." *Sharikov*, 2023 WL 2390360, at *15 (quoting *Conroy v. New York Dept. of Correctional*, 333 F.3d 88, 95 (2d Cir. 2003)).

Federal district courts in multiple jurisdictions have clearly articulated that vaccine mandates, which require disclosure of vaccination status, are not medical examinations and do not inquire about the existence of a disability or a physical or mental impairment. *Passarella*, 2023 WL 2455681 at *7 (dismissing the plaintiff's claim that the employer's COVID-19 vaccine mandate and other requirements violated § 12112(d)(4)(A) of the ADA because the policy did not seek information about the plaintiff's health); *Sharikov*, 2023 WL 2390360, at *15 (vaccine attestation, an inquiry regarding whether plaintiff had contact with any 'infectious people',

---

[2] If the alleged conduct is not a medical examination or inquiry regarding a disability, then the Court need not consider whether the examination or inquiry is consistent with business necessity. WHAT YOU SHOULD KNOW ABOUT COVID-19 AND THE ADA, THE REHABILITATION ACT, AND OTHER EEO LAWS | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, at § K.5. https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws [EEOC Guidance], (Updated, Jul. 22, 2022).

4

COVID-19 testing, and daily temperature screenings were not inquiries or medical examinations that would reveal disabilities); *Jorgenson* v. *Conduent Transp. Sols.*, 2023 WL 1472022, at *5 (D. Md. Feb. 2, 2023) (no violation of ADA where the defendant required the plaintiff to attest to whether he received the COVID-19 vaccine because the "attestation requirement did not constitute a medical examination or an inquiry about a disability") (slip op.); *Chancey v. BASF Corp.*, 2022 WL 18438375, at *4 (S.D. Tex. Dec. 29, 2022) (required weekly antigen testing, implemented "close contact" quarantine measures, and allegation that the employer "classified" the plaintiff as "unvaccinated" failed to allege "any action that meets the definitions of a disability-related inquiry or medical examination;" employer's actions were "consistent with recent EEOC guidance specifically related to the COVID-19 pandemic" (citing EEOC's Guidance) (slip op.); *McCone v. Exela Techs., Inc.*, 2022 WL 801772, at *4, (M.D. Fla. Jan. 14, 2022) (no violation where COVID-19, standing alone, is not a disability or impairment and a COVID-19 test is not 'likely to reveal a disability').[3] Indeed, United was unable to locate *any* case finding that a vaccine mandate and associated disclosure requirement, without more, constitutes a prohibited medical exam or inquiry.

The weight of the foregoing authority is also consistent with the EEOC's express guidance permitting vaccination mandates. While EEOC Guidelines are not binding on the courts, "they constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Meritor Savings Bank v. Vinson*, 477 U.S. 57, 65 (1986) (internal quotations omitted). Here, the EEOC's guidance provides that, subject to the reasonable accommodation provisions in the ADA and other laws not applicable here, "[t]he federal EEO laws do not prevent

---

[3] Multiple additional courts have followed suit since United filed its first motion to dismiss, including: *Mendoza v. J.M. Smucker Co.*, 2023 WL 3588280, at *4 (N.D. Ohio May 22, 2023); *Friend v. AstraZeneca Pharms. LP*, 2023 WL 3390820, at *4 (D. Md. May 11, 2023) (dismissing medical inquiry and "perceived as" ADA claims); *Bobnar v. AstraZeneca*, 2023 WL 3340466, at *4 (N.D. Ohio May 9, 2023); *see also Balow v. Olmsted Med. Ctr.*, 2023 WL 2776028, at *6 (D. Minn. Apr. 4, 2023) (and related cases) ("[A] vaccine is not a procedure that seeks information about Plaintiffs' health and is not an inquiry into whether Plaintiffs have a disability.").

an employer from requiring all employees to be vaccinated against COVID-19…If there is such an employer requirement, the EEO laws do not prevent employers from requiring documentation or other confirmation that employees are up to date on their vaccinations[.]" (EEOC Guidance, § K.1 (Updated Jul. 22, 2022)). Moreover, the EEOC's guidance also speaks directly to the impropriety of the allegations in Count I and clarifies that:

> "[w]hen an employer asks employees whether they obtained a COVID-19 vaccination, the employer is not asking the employee a question that is likely to disclose the existence of a disability; there are many reasons an employee may not show documentation or other confirmation of vaccination besides having a disability. **Therefore, requesting documentation or other confirmation of vaccination is not a disability-related inquiry under the ADA, and the ADA's rules about making such inquiries do not apply.**" *Id.* at § K.9 (emphasis added).

In short, the overwhelming weight of cross-jurisdictional judicial authority, and the EEOC's applicable guidance on vaccine mandates, clearly and unanimously demonstrate that United's policy requiring employees to obtain the COVID-19 vaccine and, in connection with that obligation, disclose their vaccination status, is not a medical exam or inquiry under section 12112(d)(4)(A) of the ADA.

In addition to the above authority, Plaintiff demonstrates the legality of United's policy when he pleads, "United notified its workforce, including Plaintiff, that its members would have to be fully vaccinated against COVID-19 no later than September 27, 2021." Thus, it is undisputed that the policy applied generally to all employees. (Dkt. 21, ¶ 12). Again, as the EEOC explains, subject to the reasonable accommodation requirements, "[t]he federal EEO laws do not prevent an employer from requiring all employees to be vaccinated against COVID-19[.]" (EEOC Guidance, § K.1 (Updated Jul. 22, 2022)). Plaintiff has pled that United's policy applied to "its workforce" at large, and he has not alleged that he requested an accommodation or that he had any impairment for which he may have needed an accommodation under the ADA. Accordingly, Plaintiff's conclusory

6

allegation that United's vaccination policy was "unjustified" or violated the ADA fails to state a claim upon which relief can be granted, and the Court should dismiss Count I.

### b. Count II must be dismissed because an employee regarded as not being vaccinated is not regarded as having a physical or mental impairment.

In Count II, Plaintiff claims that he was subject to discrimination under the ADA because United perceived him as being disabled based on his refusal to comply with its COVID-19 vaccine requirement. To defeat dismissal of his claim, Plaintiff must plausibly allege that he "is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation and has suffered an adverse employment action because of his disability." *See Tate v. SCR Medical Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). The ADA defines "disability" in three ways: (A) a physical or mental impairment that substantially limits one or more major life activities of [plaintiff]; (B) a record of such an impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(1)(A)-(C). Here, Plaintiff claims that United regarded him as disabled – which Plaintiff defines as "being contagious with COVID-19 or about to become so". (Dkt. No. 21, Count II, ¶ 37). Because Plaintiff has not – and cannot – allege that he has or was perceived as having a disability within the meaning of the ADA, Count II must be dismissed.

Indeed, Plaintiff's theory that he was regarded as disabled is overwhelmingly refuted by the applicable precedent. Courts have consistently held that the "regarded as" prong of the ADA "plainly encompasses only current impairments, not future ones." *Shell*, 941 F.3d at 336. Thus, it "does not cover [a] case where an employer perceives a person to be presently healthy with only a potential to become ill and disabled in the future." *EEOC v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019); *see also Brode*, 2023 WL 2711770, at *3 (dismissing plaintiff's "perceived as" ADA-based challenge to a vaccine mandate because she did not plead the employer viewed her as

7

disabled at the time of her termination). Against this framework, courts have held that an employee who is perceived as *possibly* being able to contract COVID-19 or being *potentially* infectious is *not* perceived as being disabled, within the meaning of the ADA. *Sharikov*, 2023 WL 2390360, at *7-8 (consolidating cases). This is because even if an employee *was* perceived as being at risk of developing COVID-19 *in the future*, that would not plausibly state an ADA claim – which requires a current impairment. *D'Cunha v. Northwell Health Sys.*, 2023 WL 2266520, at *5 n.5 (S.D.N.Y. Feb. 28, 2023) (dismissing claim that plaintiff was perceived as disabled for non-compliance with the vaccine mandate because that did not mean "that she was regarded as *presently* having a disability") (slip op.); *Shell*, 941 F.3d at 336.

Significantly, "[e]very court that has considered this question has held the same." *Gallo v. Wash. Nationals Baseball Club, LLC*, 2023 WL 2455678, at *4 (D.D.C. Mar. 10, 2023) (dismissing claim that COVID-19 vaccine mandate violated the ADA under the "perceived as" prong and noting that accepting the plaintiff's conclusion "would mean that every unvaccinated person in the United States is now 'disabled' under the ADA") (slip op.); *see also, e.g.*, *Brode*, 2023 WL 2711770, at *3; *Sharikov*, 2023 WL 2390360, at *7-8; *D'Cunha*, 2023 WL 2266520, at *5 n.5; *Shklyar v. Carboline Co.*, 2022 WL 2867073, at *5 (E.D. Mo. July 21, 2022) (allegation that the employer regarded the plaintiff "as having the disability of a contagious disease and as being substantially limited with impaired immune and respiratory systems" was "simply implausible in light of the general applicability of [the employer's] COVID-19 policies" because it "would require inferring that [the employer] regarded all of its [employees] as having a disability"), *aff'd* 2023 WL 1487782 (8th Cir. Feb. 3, 2023); *Jorgenson*, 2023 WL 1472022, at *4 (dismissing a plaintiff's "regarded as" ADA claim because requiring employees to attest to their vaccination status "does not plausibly reflect a determination or belief that any of its employees

8

are disabled or impaired"); *Leggo v. M.C. Dean, Inc.*, 2023 WL 1822383, at *4 (E.D. Va. Feb. 7, 2023) (holding the same and citing *Jorgenson* and *Shklyar*) (slip op.); *Earl v. Good Samaritan Hosp. of Suffern*, 2021 WL 4462413, at *6 (S.D.N.Y. Sept. 28, 2021) (finding that the plaintiff "failed to plausibly allege that [his employer] perceived him to be disabled based on his potential to infect patients with COVID-19" because the "perception of infectiousness is not the same as perceived disability"). Moreover, courts also "generally agree that a COVID-19 infection is not a disability," because it is "generally transitory." *Linne v. Alameda Health Sys.*, 2023 WL 3168587, at *2 (N.D. Cal. Apr. 28, 2023) (noting that employees cannot bring claims for being regarded as having an impairment that is 'transitory and minor,' defined as 'an impairment with an actual or expected duration of 6 months or less.'") (quoting 42 U.S.C. § 12102(3)(B)); *Shane v. Bio-Techne Corp.*, Civ. 22-3039 (JWB/ECW), at *17 (D. Minn. June 9, 2023) ("In the end, [plaintiff] does not (and cannot) plausibly allege that Bio-Techne perceived him as anything more than non-compliant with its vaccination policy, much the less that it perceived him as having a physiological disorder or condition.").

As was true in all the foregoing cases, Plaintiff's claim that United regarded him as disabled within the meaning of the ADA based on his failure to comply with the generally applicable obligation to disclose his vaccination status fails as a matter of law. (Dkt. No. 21, ¶¶ 12, 37); *see also Speaks v. Health Sys. Mgmt., Inc.*, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022) ("no plausible basis to conclude that employer regarded the plaintiff as having a 'physical or mental impairment' because it 'only regarded the plaintiff as being required - like all of its employees - to obtain a COVID-19 vaccine or be approved for an exemption and then 'regarded' her as having failed to do so by the deadline to become vaccinated'") (citations and quotations omitted). Therefore, this Court should dismiss Plaintiff's ADA discrimination claim in Count II.

### c. Plaintiff's claim is time-barred and he has failed to exhaust his administrative remedies.

As an additional basis for dismissal, Plaintiff's claim is time-barred. A plaintiff complaining of discriminatory conduct under the ADA must file a complaint with the EEOC within 300 days of the alleged unlawful conduct, which in this case, is Plaintiff's termination. *Hentosh v. Herman M. Finch Univ.*, 167 F.3d 1170, 1173 (7th Cir. 1999). Courts will dismiss untimely claims where the allegations establish that the charge was untimely filed. *See Rosas v. Bd. of Educ. of Chi.*, 2023 WL 415183, at *13 (N.D. Ill. Jan. 25, 2023) (dismissing the plaintiff's ADA claim where dates alleged in the complaint established her charge was untimely filed); *Hegde v. Advoc. Christ Med. Ctr.*, 2023 WL 2974079, at *4 (N.D. Ill. Apr. 17, 2023). Here, Plaintiff alleges that he was terminated on November 1, 2021, and that he filed his charge with EEOC 337 days later, on October 5, 2022. (Dkt. No. 21, ¶¶ 22, 25). Accordingly, Plaintiff pleads himself out of Court because he has affirmatively pled that his complaint is time-barred, as a matter of law.

Plaintiff's FAC does not salvage his claims. Plaintiff's FAC adds the allegation that he "submitted an initial **inquiry** alleging discrimination on the bases of disability and religion as perpetrated by Defendant to the [EEOC] on or about May 30, 2022 as a *pro se* complainant/charging party, 210 days from the date of discrimination that is at issue in this matter." (Dkt. No. 21, ¶ 23) (emphasis added). While, in some instances, courts recognize that complaints to an administrative agency could save an untimely Charge if "they contain the information required by implementing regulations and can be reasonably construed as a request for the EEOC to take remedial action[,]" Plaintiff's FAC does not plausibly allege he met this fundamental requirement. *See Amen Ra v. BNSF Ry. Co.*, No. 19-1428, at *3 (7th Cir. Feb. 25, 2020). Specifically, as the Seventh Circuit has repeatedly explained, to save an untimely Charge, the complaint to the agency must request remedial action. *Id.*; *Hicks v. Acell Inc.*, 2022 WL 2713651,

10

at *3 (N.D. Ind. July 13, 2022) (dismissing complaint because the "Inquiry" did not include language that could be construed as a request to take remedial action). Here, as in *Hicks*, Plaintiff merely alleges that he made an "initial inquiry" and he does not allege any facts plausibly suggesting that he requested remedial action until after the 300-day deadline.

Additionally, "claims brought in judicial proceedings must be within the scope of the charge filed with the EEOC." *Conner v. Ill. Dept. of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005); *see also Reynolds v. Tangherlini*, 737 F.3d 1093, 1102 (7th Cir. 2013). *Reynolds*, 737 F.3d at 1102 (plaintiff may only "bring claims actually charged in the administrative proceeding and also claims that are 'like or reasonably related to' the administrative charges" (citation omitted)). Here, Plaintiff has not attached his EEOC Charge, which he alleges was pending for just six days before the right to sue letter was issued. Moreover, while his FAC alleges that he attempted to amend the Charge, it does not allege that the Charge named United or that his requested amendment sought to add United as a respondent, and it does not attach the right to sue letter. (*See* Dkt. 21, ¶¶ 24, 29). Plaintiff also does not allege whether he included any facts in his EEOC Charge which are related to his current FAC allegations under the ADA. Accordingly, his FAC should also be dismissed because, as pled, Plaintiff has failed to allege that he filed a charge with the EEOC that actually charged United with the claims he now brings in a second federal lawsuit.[4]

### III. CONCLUSION

Based upon the foregoing facts, arguments, and authorities, Defendant, United Airlines, Inc., respectfully requests that this Court dismiss Plaintiff's FAC, in its entirety, with prejudice, and for all other relief this Court deems fair and just.

---

[4] Plaintiff also has a complaint against his union, the Air Line Pilots Association, International, which was transferred to this judicial district from the Western District of Texas alleging, *inter alia*, a breach of its duty of fair representation by not challenging United's August 2021 vaccination policy.

11

        Respectfully submitted,

        UNITED AIRLINES, INC.

        /s/ Angela R. Huisingh
        One of Its Attorneys

Shanthi V. Gaur, Bar No. 06224996
Angela R. Huisingh, Bar No. 6319257
LITTLER MENDELSON, P.C.
321 North Clark St., Ste. 1100
Chicago, IL 60654
sgaur@littler.com
ahuisingh@littler.com
Telephone:   312.372.5520
Facsimile:   312.372.7880

Dated: June 14, 2023

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 14, 2023, she caused a copy of the foregoing ***Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which will send notification of such filing to all counsel of record, including:

>John J. Michels, Jr.
>Federal Practice Group
>1750 K Street N.W., Suite 900
>Washington, D.C. 20006
>lmichels@fedpractice.com
>
>Daniel K. Cetina
>James H. Knippen, II
>Walsh, Knippen & Cetina, Chartered
>2150 Manchester Road, Suite 200
>Wheaton, IL 60187
>dan@wkc-lawyers.com
>jim@wkpc-law.com

       /s/Angela R. Huisingh
       Angela R. Huisingh