IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23 C 123 |
| ) | |
| UNITED AIRLINES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

John Ellis filed suit against his employer United Airlines, Inc., asserting that its COVID-19 vaccine policy violates the Americans with Disabilities Act of 1990 (ADA). United has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, the Court grants the motion.

### Background

United is a major American airline that operates both domestically and internationally and employs more than 52,000 employees. On August 6, 2021, United announced that all United employees would be required to be fully vaccinated against COVID-19 by September 27, 2021. Ellis, a United pilot, declined to disclose his vaccination status to United, and United therefore considered him unvaccinated. He alleges that because of his unvaccinated status, United required him to wear a facemask and restrict his contact with coworkers. He was ultimately terminated on November 1, 2021.

Ellis alleges that United violated the ADA in two ways. In count one, he contends that United's request for his vaccination status violated the ADA's prohibition against "unjustified medical examinations and inquiries." Am. Compl. ¶ 33. In count two, he alleges that United discriminated against him "because it regarded him as having a disability, i.e., being contagious with COVID-19 or about to become so." *Id.* ¶ 37.

## Discussion

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2019). The complaint must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**A.     Discrimination (count 2)**

"A plaintiff charging violation of the Americans with Disabilities Act must allege that he is disabled within the meaning of the Act, is nevertheless qualified to perform the essential functions of the job either with or without reasonable accommodation, and has suffered an adverse employment action because of his disability." *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having

such an impairment." 42 U.S.C. § 12102(1). "An individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." 42 U.S.C. § 12102(3)(A). United contends that Ellis has failed to allege that he was regarded as having an impairment. The Court agrees.

Ellis contends that United regarded him as "being contagious with COVID-19 or about to become so," which he argues is a disability. Pl.'s Resp. Br. at 8. But the Seventh Circuit has held that "ADA's 'regarded as' prong" "plainly encompasses only current impairments, not future ones," and therefore does not "cover[] a situation where an employer views an applicant as at risk for developing a qualifying impairment in the future." *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 336 (7th Cir. 2019); *see also Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019) ("[T]he disability definition in the ADA does not cover this case where an employer perceives a person to be presently healthy with only a potential to become ill and disabled in the future . . . .").

Ellis argues that United did not "discriminate[] against him on the basis of a future impairment" because United did not permit him to fly and restricted his contact with others, which shows that United considered him "actively contagious with COVID-19" because he was unvaccinated. Pl.'s Resp. Br. at 10. But in *Shell*, the Seventh Circuit rejected a similar argument that by discriminating against the plaintiff "based on the risk of future impairment," the plaintiff's employer "ha[d] treated him as if he has the

3

impairments now." *Shell*, 941 F.3d at 335. As the Seventh Circuit explained, this argument relies on the incorrect assumption that "even if [the employer] knew that [the plaintiff] did not currently have the impairments, treating him as if he did would constitute a disability." *Id.*

In short, the fact that United perceived Ellis as having a higher risk of contracting COVID-19 in the future due to his unvaccinated status does not allege a disability under the ADA.[1] Every district court to address this issue thus far appears to have concluded the same. *See, e.g.*, *Jorgenson v. Conduent Transp. Sols., Inc.*, No. CV SAG-22-01648, 2023 WL 1472022, at *4 (D. Md. Feb. 2, 2023) ("Conduent's decision to protect its workplace by requiring its employees to attest to their vaccination status—and in some cases, to wear masks—does not plausibly reflect a determination or belief that any of its employees are disabled or impaired."), *aff'd*, No. 23-1198, 2023 WL 4105705 (4th Cir. June 21, 2023); *Hice v. Mazzella Lifting Techs., Inc.*, 589 F. Supp. 3d 539, 550 (E.D. Va. 2022) ("[P]ossible future exposure to COVID-19 does not constitute an impairment under the ADA."); *Gallo v. Wash. Nat'ls Baseball Club, LLC*, No. 22-CV-01092 (APM), 2023 WL 2455678, at *4 (D.D.C. Mar. 10, 2023) ("Every court that has considered this question has held the same.").

Ellis contends that all these decisions are unpersuasive because they did not analyze *School Board of Nassau County v. Arline*, 480 U.S. 273 (1987). But *Arline* does not alter the Court's conclusion. In *Arline*, the Supreme Court held that the plaintiff's "tuberculosis constituted a disability" and that her employer's "fear that her

---

[1] Given this holding, the Court need not reach the parties' dispute regarding whether a COVID-19 infection is "transitory and minor," such that it cannot qualify as an impairment under 42 U.S.C. § 12102(3)(B).

4

tuberculosis was contagious, by itself, was not sufficient reason to terminate her." *Patterson v. Illinois Dep't of Corr.*, 37 F. App'x 801, 804 (7th Cir. 2002) (citing *Arline*, 480 U.S. at 284–85, 288). The Seventh Circuit has distinguished *Arline* where, as in this case, the plaintiff "does not suffer from an actual disability." *Id.* Thus, *Arline* is inapposite.

In sum, because Ellis has failed to allege that he is disabled under the ADA, the Court dismisses his discrimination claim.

**B.     Medical inquiries (count 1)**

In count one, Ellis contends that United violated the provision of the ADA that "limit[s] the ability of employers to use 'medical examinations and inquiries' as a condition of employment." *Karraker v. Rent-A-Ctr., Inc.*, 411 F.3d 831, 834 (7th Cir. 2005) (citation omitted) (quoting 42 U.S.C. § 12112(d)(1)). Under this provision, an employer "shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). Ellis alleges that United violated this provision by asking whether he was vaccinated; he argues that this inquiry is related to "a disabling condition (either having or being contagious with COVID-19)." Pl.'s Resp. Br. at 6.

The Court has already concluded above that being unvaccinated against COVID-19 is not a disability. Thus, United's inquiry regarding Ellis's vaccination status does not violate the ADA. This conclusion is in accord with every district court that has addressed this issue thus far, and Ellis does not cite any case to the contrary. *See,*

5

*e.g.*, *Sharikov v. Philips Med. Sys. MR, Inc.*, No. 1:22-CV-00326-BKS-DJS, 2023 WL 2390360, at *15 (N.D.N.Y. Mar. 7, 2023) ("Plaintiff has not alleged facts plausibly suggesting that a vaccine attestation . . . 'would reveal disabilities.'"); *Jorgenson*, 2023 WL 1472022, at *5 ("Conduent's attestation requirement did not constitute a medical examination or an inquiry about a disability or disabling condition.").

Moreover, the Court's conclusion is in line with the EEOC's guidance on this issue. The EEOC has concluded that "[w]hen an employer asks employees whether they obtained a COVID-19 vaccination, the employer is not asking the employee a question that is likely to disclose the existence of a disability." *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Employment Opportunity Commission, https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#K.9 (last visited August 28, 2023). Ellis argues that the EEOC's guidance is not controlling. But even so, the Seventh Circuit "frequently look[s] to EEOC guidelines for guidance in discrimination cases, which, 'while not controlling upon courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance.'" *Karraker*, 411 F.3d at 835 n.2 (quoting *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 65 (1986)). Ellis also contends that the EEOC's guidance is unpersuasive because it is an unexplained "shift" from its position on inquiries regarding prescription medicines. Pl.'s Resp. Br. at 3–4. But general inquiries into prescription medicines might implicitly disclose an underlying disability or disabling condition, whereas an attestation regarding whether someone has received a COVID-19 vaccination discloses nothing of the kind. Thus, the Court is not persuaded

that the two inquiries are so similar that a specific rationale is required by the EEOC to explain its differing analysis.

In sum, both count one and two of Ellis's complaint fail to state a viable ADA claim. Given this conclusion, the Court need not reach United's contention that Ellis has failed to exhaust his administrative remedies or that his claims are time-barred.[2]

## Conclusion

For the reasons stated above, the Court grants defendant's motion to dismiss for failure to state a claim [dkt. no. 25]. Unless plaintiff files, by September 19, 2023, a motion for leave to amend that includes at least one viable claim over which the Court has jurisdiction, the Court will enter judgment against him. The case is set for a telephonic status hearing on September 29, 2023 at 9:05 a.m., using call-in number 888-684-8852, access code 746-1053.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 5, 2023

---

[2] United contends that Ellis's response brief should be stricken because it violates Local Rule 7.1 by exceeding the proper page limit. The Court declines this request given the insignificance of the violation in this case.