IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN ELLIS, | |
| Plaintiff, | No. 23-cv-00123 |
| v. | Honorable Judge Matthew F. Kennelly |
| UNITED AIRLINES, INC., | Magistrate Judge Heather K. McShain |
| Defendant. | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Plaintiff, who is a Boeing 737 Captain formerly employed by United Airlines, Inc. ("United"), filed an initial Complaint on January 10, 2023, which advanced two theories of liability under the Americans with Disabilities Act of 1990 ("ADA"). (Dkt. 1). United moved to dismiss Plaintiff's initial complaint with prejudice, noting that every court in the nation that has considered identical claims has dismissed them as a matter of law. (Dkt. 19, at pp. 1-2). Plaintiff then filed his First Amended Complaint ("FAC"), reiterating these same theories of liability, and United responded with its second motion to dismiss. This Court granted United's second motion to dismiss ("Dismissal Order"), finding that the FAC did not state a plausible ADA-based claim. (Dkts. 21, 25, 30).[1] This Court then cautioned Plaintiff that it would enter judgment against him unless he sought leave to file an amended complaint that includes a viable claim. (Dkt. 30, p. 7).

Plaintiff now seeks leave to file a Second Amended Complaint ("SAC") which realleges materially identical claims to those in the FAC and initial complaint, with the sole addition of legal conclusions and formulaic recitations of the law. (Dkt. 31-1, ¶¶ 33, 38-41). Plaintiff's proposed

---

[1] Plaintiff requested and was granted until May 26, 2023 to file a SAC to add additional plaintiffs to this action. (Dkt. 24). The instant motion for leave to file a second amended complaint still has not alleged claims on behalf of any other individuals. (Dkt. 31).

claims again purportedly stem from United's institution of a vaccine mandate in August 2021. Specifically, in Count I, Plaintiff alleges (as he did in his initial Complaint and his dismissed FAC) that United's requirement that he provide his COVID-19 vaccination status and obtain the COVID-19 vaccine is an unlawful medical exam or inquiry. (Dkt 21, ¶ 33; Dkt. 31-1, ¶ 33); *see also* 42 U.S.C. § 12112(d)(4)(A). In Count II, Plaintiff alleges (as he did in his initial Complaint and his dismissed FAC) that United regarded him as having the disability of "being contagious with COVID-19" and that United discriminated against him during his employment and "ultimately terminated him based on its perception that he was contaminated with COVID-19" (Count II). (Dkt. 21, at ¶¶ 37, 38; Dkt. 31-1, at ¶¶ 42, 44); *see also* 42 U.S.C. § 12102(3). Plaintiff's proposed SAC alleges no new claims or facts and instead adds legal conclusions, statutory and case law citations, and legal arguments. (Dkt. 31-1, ¶¶ 33, 38-42).

In short, Plaintiff's SAC (and the accompanying motion for leave to file the same) simply presents this Court with the same issues that it already considered and rejected in dismissing Plaintiff's FAC. (Dkt. 31).[2] Thus, as this Court has already held, Plaintiff does not state a viable claim as a matter of law, and judgment should be entered against him.

---

[2] Since United filed its reply in support of its motion to dismiss Plaintiff's FAC, many additional courts have similarly rejected claims identical to those raised by Plaintiff. *See e.g. Divine Equal. Righteous v. Overbrook Sch. for the Blind*, No. CV 23-846, 2023 WL 4763994, at *8 (E.D. Pa. July 26, 2023) ("routine dismissal disability discrimination claims" based on COVID-19 vaccination status "is the correct course of action"); *The Estate Of Tamika Jones, et al. v. Aston Township Fire Department, Township Of Aston, Prospect Crozer, LLC, et al.*, No. CV 23-155, 2023 WL 6133173, at *17 (E.D. Pa. Sept. 19, 2023) ("We also know that courts do not treat the potential of being exposed to COVID-19 as a disability"); *Mishos v. McKesson Corp.*, No. 2:22-CV-01666, 2023 WL 5935804, at *4 (S.D. Ohio Sept. 12, 2023); *Kale v. Aero Simulation Inc.*, 5:22-CV-05081-KES, 2023 WL 6255013, at *3 (D.S.D. Sep. 26, 2023) (denying motion for leave to amend the complaint because *inter alia* "unvaccinated status is not a disability").

**I.     STANDARD**

"Under Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course, but subsequent amendments require the consent of the opposing party or leave of the court." *Delaware Motel Assocs., Inc. v. Cap. Crossing Servicing Co.*, No. 17 C 1715, 2018 WL 4829598, at *3 (N.D. Ill. Oct. 4, 2018) (quoting Fed. R. Civ. P. 15(a)). "District courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan*, 588 F.3d 420, 432 (7th Cir. 2009) (quotation omitted). As the Seventh Circuit has explained, "district courts 'should deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss.'" *M&E Bakery Holdings, LLC v. Westfield Nat'l Ins. Co.*, 20 C 5849, at *4 (N.D. Ill. Aug. 2, 2021) quoting *Weston v. Ill. Dep't of Human Servs.*, 433 Fed. Appx. 480, 482 (7th Cir. 2011); *see also Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 529 (7th Cir. 2022). "And a court may deny such a motion with prejudice and without leave to replead when the moving party has failed to cure the same defects after being given multiple opportunities to do so." *Delaware Motel Assocs., Inc.*, 2018 WL 4829598, at *3.

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim to relief that is plausible on its face." *Roberts v. City of Chi.*, 817 F.3d 561, 564 (7th Cir. 2016) (quotations omitted); *Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). To be facially plausible, a complaint must include sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Although a complaint need not include "detailed factual allegations," mere "labels,"

"conclusions," or "formulaic recitation[s] of the elements of a cause of action" do not suffice. *Twombly*, 550 U.S. at 555; *Brode v. Xeris Pharm.*, 2023 WL 2711770, at *1 (N.D. Ill. Mar. 30, 2023).

## II. ARGUMENT

### a. Despite ample opportunity to plead a viable claim, Plaintiff's proposed SAC realleges the same claims and facts that this Court has already dismissed.

Plaintiff has already received two opportunities to demonstrate that his ADA claims can plausibly survive dismissal despite the mounting weight of authority that has dismissed materially identical claims as a matter of law. Plaintiff's failure to cure these same defects after receiving multiple opportunities to do so warrants denial of leave to replead with prejudice. *See Delaware Motel Assocs., Inc.*, 2018 WL 4829598, at *3; *Hukic*, 588 F.3d at 432. Plaintiff argues that he should be given leave to file "at least *one* amendment regardless of how unpromising" it is. (Dkt. No. 31) (emphasis altered). Yet, this argument ignores that Plaintiff has already filed one failed amendment. Further, Plaintiff's proposed SAC does not address any of the defects identified (a) in United's first and second motions to dismiss, (b) by the plethora of authorities nationwide supporting dismissal of these claims, and (c) in this Court's Dismissal Order. (Dkts. 19, 26, 29, 30). To the contrary, Plaintiff now seeks leave to file an SAC that admittedly adds no new claims and is based on the same facts as his unsuccessful FAC. Thus, not only has Plaintiff failed to cure the defects despite being given "at least *one*" opportunity to do so, but his proposed SAC also fails for the same reasons already identified by this Court. His motion should be denied.

Finally, while Plaintiff maintains that leave to amend "is especially important where the law is uncertain[,]" he has not identified *any* uncertainty in the law. To the contrary, courts across the nation continue to find that "routine dismissal of disability discrimination claims" based on COVID-19 vaccination status "is the correct course of action[.]" *Divine Equal. Righteous, et al.*,

4

*v. Overbrook Sch. for the Blind*, No. CV 23-846, 2023 WL 4763994, at *8 (E.D. Pa. July 26, 2023) Thus, Plaintiff's motion should be denied with prejudice because he is not entitled to unlimited chances to plead the same defective claims. *Hukic*, 588 F.3d at 432 (affirming the denial of leave to file a second amended complaint).

    **b.**    **Plaintiff's proposed SAC is futile.**

             **i.**    ***Plaintiff's SAC does not overcome this Court's dismissal of his ADA discrimination claim alleging United perceived him as disabled because of his non-compliance with its COVID-19 vaccination policy (Count II).***

While Plaintiff brings his motion under Rule 15(a), it is, in effect, a motion to reconsider this Court's dismissal of Plaintiff's identical claims in his FAC. Plaintiff argues that this Court erred in dismissing Count II for two reasons. First, Plaintiff disagrees with this Court's determination that even if United allegedly perceived him as "actively contagious with COVID-19," United did not perceive him as having a present impairment, as required to allege a "perceived as" claim under the ADA. (Dkt. 30, pp. 3-4). Second, Plaintiff quibbles with this Court's interpretation of *Sch. Bd. of Nassau Cnty. v. Arline*, 480 U.S. 273 (1987). (*Id.* at pp. 4-5).

As to the first issue, Plaintiff notes that the "regarded as" prong under the ADA does not require that an employee actually be disabled. Then, citing only his own FAC, he claims that "[United] 'regarded him as having a disability, i.e., being contagious for COVID-19.' FAC, at ¶37." (Dkt. 31, at p. 3). Plaintiff does not allege that United perceived him to have any of COVID-19's disabling symptoms, and instead once again rests his "perceived as" claim on the allegations that United regarded him as contagious because it did not permit him to fly, restricted his contact with others, and required him to wear a mask. (*Id.*) Plaintiff has previously raised these theories, and this Court has already rejected them, noting that the Seventh Circuit identified the flaw in Plaintiff's logic. (Dkt. 30, at pp. 3-4). Specifically, this Court concluded that Plaintiff's "argument

5

relies on the incorrect assumption that 'even if [the employer] knew that [the plaintiff] did not currently have the impairments, treating him as if he did would constitute a disability.'" (*Id.* at p. 4) quoting *Shell v. Burlington N. Santa Fe Ry. Co.*, 941 F.3d 331, 335 (7th Cir. 2019).

As this Court – and countless other courts – have already held, to meet the ADA's definition of having a disability under the "regarded as" prong, at a minimum, the employer must regard the employee as having a present disability or impairment. (*See* Dkt. 30, at p. 3) ("'ADA's 'regarded as' prong plainly encompasses only current impairments, not future ones, and therefore does not cover a situation where an employer views an applicant as at risk for developing a qualifying impairment in the future.'") and quoting *Shell.*, 941 F.3d at 336 (quotations omitted) and quoting *Equal Emp. Opportunity Comm'n v. STME, LLC*, 938 F.3d 1305, 1315 (11th Cir. 2019) ("'The disability definition in the ADA does not cover this case where an employer perceives a person to be presently healthy with only a potential to become ill and disabled in the future….'"). Thus, this Court clearly articulated that an unvaccinated employee is not "regarded as" disabled within the meaning of the ADA if the employer does not perceive the employee to presently have a disability. (*See* Dkt. 30, at p. 3).

No court has expanded the ADA's definition of "disability" to encompass a situation where the employer only allegedly perceives the employee to be contagious with COVID-19 (and does not perceive that employee to be presently disabled).[3] Indeed, this Court's previous rejection of Plaintiff's arguments in this regard is consistent with all other courts that have considered whether

---

[3] *See Speaks v. Health Sys. Mgmt., Inc.*, No. 522-cv-00077, 2022 WL 3448649, at *5 (W.D.N.C. Aug. 17, 2022) ("[r]efusing to get a vaccine required by an employer is not itself an 'impairment' of any sort[,]" but instead "reflects a personal choice [that] cannot be considered an impairment under the ADA"). Here, Plaintiff, unlike most individuals with disabling impairments, actually chose, both to incur the alleged "impairment" (i.e., not complying with the COVID-19 vaccination disclosure requirement) and despite the option to remove the "impairment" at any time, he chose not to report his vaccination status, and thus to remain "impaired".

6

a perception of being contagious with COVID-19 is a disability under the ADA. *See e.g. Divine Equal. Righteous*, 2023 WL 4763994, at *8 ("routine dismissal of disability discrimination claims" where the plaintiff alleges the employer regarded them as contagious with COVID-19 because of their vaccination status "is the correct course of action"); *Shklyar v. Carboline Co.*, 616 F. Supp. 3d 920, 924 -26 (E.D. Mo. 2022), *aff'd*, No. 22-2618, 2023 WL 1487782 (8th Cir. Feb. 3, 2023) (dismissing complaint where plaintiff alleged she was perceived as contagious with COVID because of her vaccination status) (*in propria persona* petition for writ of *certiorari* filed); *Mishos v. McKesson Corp.*, No. 2:22-CV-01666, 2023 WL 5935804, at *4 (S.D. Ohio Sept. 12, 2023) (dismissing ADA discrimination claim alleging the employer regarded the plaintiff as having "an impaired or suppressed immune system...prone to contracting COVID-19"); *Newell v. State Univ. of New York Westchester Cmty. Coll.*, No. 22-CV-08524 (PMH), 2023 WL 4082030, at *3–4 (S.D.N.Y. June 20, 2023). In essence, Plaintiff seeks to broaden the definition of a "qualified individual with a disability" to include employees who <u>do not have</u> a disability and who <u>are not perceived</u> as presently having a disability. This Court should once again decline Plaintiff's invitation to so expand the scope of the ADA. *See Kerkering v. Nike, Inc.*, No. 3:22-CV-01790-YY, 2023 WL 5018003, at *2 (D. Or. May 30, 2023), report and recommendation adopted, No. 3:22-CV-1790-YY, 2023 WL 4864423 (D. Or. July 31, 2023) (finding such an expansion "would break with the recognized understanding of the kinds of conditions the ADA seeks to encompass, as illustrated by the nationwide consensus among federal courts."); *Jorgenson v. Conduent Transp. Sols.*, No. CV SAG-22-016482023 WL 1472022, at *4 (D. Md. Feb. 2, 2023) *aff'd* 2023 WL 4105705 (4th Cir. June 21, 2023) ("Not knowing a person's vaccination status is not the same as believing that person has a physical or mental impairment.").

In his second attack on this Court's Dismissal Order, Plaintiff contends that this Court erroneously determined that *Arline* is inapposite to this case. Specifically, Plaintiff claims that the *Arline* plaintiff's "record of" a disability (tuberculosis) was irrelevant to the holding. Plaintiff's argument is belied by the Supreme Court's decision itself, which explained that the question of whether a person "could be considered, solely on the basis of contagiousness, a handicapped person as defined by the Act[]" was immaterial to its decision because the plaintiff undisputedly had a record of a disability. *See Arline*, 480 U.S. 273, at 281-82, 282 n7. Moreover, as this Court explained, in *Patterson v. Ill. Dep't of Corr.*, 37 F. App'x 801, 804 (7th Cir. 2002), the Seventh Circuit recognized that in *Arline*, "the Supreme Court held that the plaintiff's 'tuberculosis constituted a disability' and that her employer's 'fear that her tuberculosis was contagious, by itself, was not sufficient reason to terminate her.'" (Dkt. 30, pp. 4-5) quoting *Patterson*, 37 F. App'x at 804. This Court also noted that the Seventh Circuit has distinguished *Arline* where, as in this case, the plaintiff does not suffer from an actual disability. *Id*. Thus, this Court correctly concluded that *Arline* is inapposite.

In addition, the District Court for the District of Oregon, has also considered and rejected Plaintiff's *Arline*-based argument in dismissing nearly identical ADA claims as a matter of law. *See Kerkering*, 2023 WL 5018003, at *2, report and recommendation adopted, 2023 WL 4864423. As in the instant case, the plaintiff in *Kerkering* also relied upon *Arline* to argue that an employee's decision not to obtain the COVID-19 vaccination should be recognized as a disability because it would "further[] the ADA's goal of counteracting 'society's accumulated myths and fears about disability and disease[.]" Like this Court, the *Kerkering* court was unpersuaded by the plaintiff's reliance on *Arline*. And, as explained above, this Court and the *Kerkering* court's decisions

8

specifically addressing *Arline*'s inapplicability to COVID-19 vaccine mandates are in line with the other decisions rejecting Plaintiff's "perceived as" contagious with COVID theory of a disability.

Finally, Plaintiff inexplicably cites *Johnson v. Beach Park School Dist.*, 103 F. Supp. 3d 931, 941 (N.D. Ill. 2015) and *Moore v. J.B. Hunt Transport*, 221 F.3d 944, 954 (7th Cir. 2000) as support for his theory that an alleged perception of contagiousness due to the refusal to disclose vaccination status constitutes a perception of a disabling impairment within the meaning of the ADA. These cases do not advance his theory. Neither decision even addresses contagious diseases, let alone whether contagiousness, without more, is a qualifying disability within the meaning of the ADA.

In sum, Plaintiff's claims are now so universally rebuffed that their dismissal is "routine." *See Divine Equal. Righteous*, 2023 WL 4763994, at *8. Under such circumstances, Plaintiff's proposed SAC is futile, and his wholly unsupported insistence that he is entitled to advance his case beyond the dismissal stage, despite overwhelming contrary authority, fails.

> ii. *None of Plaintiff's proposed amendments address the Court's dismissal of his unlawful medical exam or inquiry-based theory of liability in Count I.*

As this Court held, because Plaintiff has not plausibly alleged that he is a qualified individual within the meaning of the ADA, he also cannot plead a viable claim for relief under his unlawful medical examination or disability-related inquiry (Count I) theory of liability. (Dkt. 31, p. 5) ("The Court has already concluded above that being unvaccinated against COVID-19 is not a disability."); *see also, e.g.*, *McCone v. Exela Techs., Inc.*, 2022 WL 801772, at *4, (M.D. Fla. Jan. 14, 2022) (no violation where COVID-19, standing alone, is not a disability or impairment and a COVID-19 test is not 'likely to reveal a disability'); *Mendoza v. J.M. Smucker Co.*, 2023 WL 3588280, at *4 (N.D. Ohio May 22, 2023); *Friend v. AstraZeneca Pharms. LP*, 2023 WL 3390820, at *4 (D. Md. May 11, 2023) (dismissing disability-related medical inquiry claim);

9

*Bobnar v. AstraZeneca*, 2023 WL 3340466, at *4 (N.D. Ohio May 9, 2023); *Balow v. Olmsted Med. Ctr.*, 2023 WL 2776028, at *6 (D. Minn. Apr. 4, 2023) (and related cases) ("[A] vaccine is not a procedure that seeks information about Plaintiffs' health and is not an inquiry into whether Plaintiffs have a disability."). Plaintiff's motion for leave to file a SAC does not raise any other point supporting such a claim and his proposed SAC pleads no new facts regarding this allegation. In addition, Plaintiff has abandoned his challenge to the courts' reliance upon the EEOC guidance, which details the reason such a policy is not a medical examination or disability-related inquiry under the ADA.[4] Notably, on May 5, 2023, the EEOC updated its guidance and elaborated that "[e]mployers may ask all employees who will be physically entering the workplace (or otherwise working in close proximity with others, such as clients) if they have COVID-19 or common symptoms associated with COVID-19 as identified by CDC."[5] As such, the EEOC continues to reinforce the conclusion that United's vaccination policy complied with applicable law.

To support his request for leave to re-allege Count I, Plaintiff's motion repeats his analogy that inquiring into COVID-19 vaccination status is akin to asking employees what are their specific medical prescriptions that they are taking. This Court already rejected Plaintiff's theory. (*See* Dkt. 30, at pp. 6-7) ("But general inquiries into prescription medicines might implicitly disclose an underlying disability or disabling condition, whereas an attestation regarding whether someone has received a COVID-19 vaccination discloses nothing of the kind.") citing, *inter alia*, *Sharikov v. Philips Med. Sys. MR, Inc.*, No. 1:22-CV-00326-BKS-DJS, 2023 WL 2390360, at *15 (N.D.N.Y. Mar. 7, 2023); (*see also* Dkt. 29, at pp. 5-6) quoting *Jorgenson*, 2023 WL 1472022, at

---

[4] WHAT YOU SHOULD KNOW ABOUT COVID-19 AND THE ADA, THE REHABILITATION ACT, AND OTHER EEO LAWS | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (eeoc.gov), at Section A.k.9, *Disability-Related Inquiries and Medical Exams* (https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-other-eeo-laws#A) (Last accessed Oct. 6, 2023).

[5] *Id.* at Section A.8.

\*5 *aff'd* 2023 WL 4105705 (4th Cir. June 21, 2023) (required disclosure of COVID-19 vaccination status was "not a medical examination or an inquiry about a disability").

Further, Plaintiff does not, in any way, address United's additional prior argument demonstrating Count I is inviable. (*See* Dkts. 19, at pp. 3-6, 26 at pp. 3-7, 29 at pp. 3-6). Specifically, United argued that Plaintiff has pled that United's policy applied to "its workforce" at large, and that accepting his claim would lead to the untenable conclusion that every unvaccinated person was "disabled" under the ADA. (*See e.g.* Dkt. 26, at p. 8) quoting, *inter alia*, *Gallo v. Wash. Nationals Baseball Club, LLC*, 2023 WL 2455678, at \*4 (D.D.C. Mar. 10, 2023); (*see also* Dkt. 29, at p. 6) quoting *Jorgenson*, 2023 WL 1472022, at \*5 *aff'd* 2023 WL 4105705. Plaintiff has waived any response to this argument. *See London v. RBS Citizens*, *N.A.*, 600 F.3d 742, 747 n.5 (7th Cir. 2010). The Court should therefore also deny Plaintiff's motion for leave to replead Count I.

### iii. *Plaintiff's proposed SAC does not plead any new fact that can overcome the additional deficiencies in his allegations.*

Plaintiff has not alleged that the purportedly "impairing" contagious condition of being in an unvaccinated state was anything other than transitory and minor. As explained above, Plaintiff admits that choosing to get vaccinated against COVID would alleviate the "impairment," and it is therefore, by definition, transitory. Therefore, and for the reasons set forth in United's motion to dismiss Plaintiff's FAC and its reply in support of dismissal, Plaintiff should also be denied leave to replead his ADA claims. (*See* Dkt. 26, at pp. 9-10; Dkt. 29, at p. 11); *Linne v. Alameda Health Sys.*, 2023 WL 3168587, at \*2 (N.D. Cal. Apr. 28, 2023) (noting that employees cannot bring claims for being regarded as having an impairment which is 'transitory and minor,' defined as 'an impairment with an actual or expected duration of 6 months or less.'") quoting 42 U.S.C. §

11

12102(3)(B); *see also Thompson v. City of Tualatin*, 2022 WL 742682, at *2 (D. Or. Mar. 11, 2022).

In addition, Plaintiff's proposed SAC does not address United's argument that he failed to exhaust his administrative remedies because his EEOC Charge was not timely filed. (*See* Dkts. 26, at pp. 10-11, 29, at pp.12-13) citing *Rosas v. Bd. of Educ. of Chi.*, 2023 WL 415183, at *13 (N.D. Ill. Jan. 25, 2023) (dismissing the plaintiff's ADA claim where dates alleged in the complaint established charge was untimely). The Seventh Circuit has repeatedly held that a submission to the EEOC can save an untimely Charge only if it "contain[s] the information required by implementing regulations and can be reasonably construed as a request for the EEOC to take remedial action[.]" *Amen Ra v. BNSF Ry. Co.*, No. 19- 1428, at *3 (7th Cir. Feb. 25, 2020); *Hicks v. Acell Inc.*, 2022 WL 2713651, at *3 (N.D. Ind. July 13, 2022) (dismissing complaint because the "Inquiry" did not include language that could be construed as a request to take remedial action). Plaintiff maintains that his earlier complaint to the EEOC, submitted before his admittedly untimely-filed Charge, can save his claims. However, his proposed SAC does not address United's arguments that his FAC – and now also his proposed SAC – do not meet the minimum requirements necessary to suggest he requested remedial action.

### c. Plaintiff's delay and the prejudice associated with continued defense against his baseless claims favor denying him a third opportunity to amend his complaint.

Plaintiff argues there is no undue delay in this case and there would not be any prejudice to United if he were permitted to file his SAC because this case had not reached the discovery phase prior to the Court's ruling. United respectfully disagrees. Plaintiff's repeated filing of claims which have been so thoroughly rebuffed by every single court that has considered them does not justify expending additional judicial or defense resources. Permitting Plaintiff to have a third chance to state a viable claim will only delay the inevitable entry of a judgment against him.

12

### III. CONCLUSION

Based upon the foregoing facts, arguments, and authorities, Defendant, United Airlines, Inc., respectfully requests that this Court deny Plaintiff leave to file his Second Amended Complaint, dismiss this case against United in its entirety, with prejudice, and grant United all other relief this Court deems fair and just.

Respectfully submitted,

UNITED AIRLINES, INC.

*/s/ Angela R. Huisingh*
One of Its Attorneys

Shanthi V. Gaur, Bar No. 06224996
Angela R. Huisingh, Bar No. 6319257
LITTLER MENDELSON, P.C.
321 North Clark St., Ste. 1100
Chicago, IL 60654
sgaur@littler.com
ahuisingh@littler.com
Telephone:    312.372.5520
Facsimile:    312.372.7880

Dated: October 6, 2023

13

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on October 6, 2023, she caused a copy of the foregoing ***Defendant's Response in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint*** to be filed electronically with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF (electronic case filing) system, which will send notification of such filing to all counsel of record, including:

> John J. Michels, Jr.
> Federal Practice Group
> 1750 K Street N.W., Suite 900
> Washington, D.C. 20006
> lmichels@fedpractice.com
>
> Daniel K. Cetina
> James H. Knippen, II
> Walsh, Knippen & Cetina, Chartered
> 2150 Manchester Road, Suite 200
> Wheaton, IL 60187
> dan@wkc-lawyers.com
> jim@wkpc-law.com

>           */s/Angela R. Huisingh*
>              Angela R. Huisingh