IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:23-cv-00123 |
| UNITED AIRLINES, | ) |
| Defendant. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff, by and through undersigned counsel, respectfully submits this Reply in Support of his Motion to Leave to File an Amended Complaint. Plaintiff hereby incorporates the facts and arguments set forth in his Motion for Leave to File an Amended Complaint, ECF 31, and addresses the arguments in Defendant's Opposition, ECF 33. For the reasons set forth in Plaintiff's Motion, and as addressed herein, this Court should grant Plaintiff's Motion.

**ARGUMENT**

I. **United Perceived Mr. Ellis to Have a Disabling Condition—Being Contagious with COVID-19.**

   **A. COVID-19 is a Qualifying Condition.**

Defendant's argument that COVID is somehow not covered by the ADA simply ignores reality. A perceived disability must be transitory *and* minor. 42 U.S.C. § 12102(3)(B). As an initial matter, Defendant here raises an affirmative defense for which it bears the burden of proof, making it particularly ill-suited for resolution on a Rule 12 motion. *Silk v. Bd. of Trs., Moraine Valley Cmty.*

*Coll.*, 795 F.3d 698, 706 (7th Cir. 2015) (concluding that the employer "bears the burden of establishing that the impairment was both transitory and minor").

Although the transitory nature of COVID-19 is still up for debate, Defendant cannot credibly argue that a condition for which Defendant required vaccination of its entire workforce with an unlicensed vaccine, a condition that also effectively shut down a significant portion of the country's economy for more than six months, is a "minor" condition. In any event, this issue is more properly resolved at a later stage, following discovery. See, *Booth v. GTE Fed. Credit Union*, 2021 WL 5416690, at *6 (M.D. Fla. Nov. 20, 2021) (citation omitted); *see also Brown v. Roanoke Rehab. & Healthcare Ctr.*, 2022 WL 532936, at *4 (M.D. Ala. Feb. 22, 2022) (holding that plaintiff's arguments were better addressed at summary judgement stage, when a developed record would be presented to the court as it concerned plaintiff's COVID-19 symptoms and her employer's perception).

### B. Plaintiff was not Required to Exhibit COVID-19 Symptoms in Order to be Perceived as Contagious.

Whether Plaintiff was perceived to have any particular symptoms of COVID-19 is irrelevant. Such an analysis is not in line with the ADA requirements regarding discrimination on the basis of a perceived disability. The entire concept of perceived disability discrimination is neither dependent on, nor does it derive from, a plaintiff's actual disabling condition. It is only the perception of the employer that matters, and that perception manifests itself through the employer's adverse actions against the plaintiff. "A plaintiff relying on this provision need not prove that the defendant perceived her as having an impairment that substantially limited a major life activity, but only needed to show that the employer perceived her as having a physical or mental impairment." *Herbowy-Hubalek v. Lithia of Yorkville-3, LLC*, No. 6:21-CV-43 (TJM/ATB), 2021

WL 6050177, at *6 (N.D.N.Y. Dec. 20, 2021) (internal citations omitted); s*ee also*, *Sch. Bd. of Nassau Cty., Fla. v. Arline*, 480 U.S. 273, 281–86 (1987).

Defendant continues to conflate a decision not to get a vaccination with a disabling condition perceived by the employer. Plaintiff is not alleging that Defendant violated the ADA because it perceived him to be unvaccinated. Rather, Plaintiff is alleging that Defendant discriminated against him because it perceived him to have a disabling condition—that he was contagious with COVID-19. His vaccination status was simply a marker for Defendant—it similarly could have taken illegal action against Plaintiff based upon a perceived disability because it observed him sloppily wearing a mask or looking flushed. The issue is Mr. Ellis's contagious state, which Defendant assumed—without testing—and upon which it proceeded to take adverse employment action against Plaintiff.

Finally, Defendant's arguments cut against the broad legal interpretation that the ADA's protections are to be given after the 2009 amendments. "Construing the definition of "perceived impairment" to encompass situations where an employer assumes an employee has an impairment or disability is consistent with the ADAAA's mandate that "the definition of disability ... be construed in favor of broad coverage of individuals under [the ADA], to the maximum extent permitted by the terms of [the ADA]." See 42 U.S.C. § 12102(4)(A). *Equal Emp. Opportunity Comm'n v. BNSF Ry. Co*., 902 F.3d 916, 924 (9th Cir. 2018), as amended (Sept. 12, 2018).

## II. Defendant's Demand for Plaintiff's Vaccination Status was an Illegal Medical Examination Under the ADA

Plaintiff has not rejected or abandoned his argument that the EEOC guidance is unconvincing and should not be afforded any evidentiary weight. *See* ECF 31 and the discussion of the EEOC's flawed guidance therein.

3

Moreover, Defendant's citation to the EEOC's updated guidance is irrelevant—asking someone if they have COVID-19 upon entering the workplace has no more support under the ADA than other broad questions that are contrary to the ADA's requirement for individual assessments. In other words, EEOC's guidance on COVID-19 vaccinations remains flawed, unreliable, and is entitled to no weight from the Court.

Further, illegal medical examinations, such as what medications an individual is taking, are not dependent on the employee's disability status. Accordingly, Plaintiff is not required to have an actual disability to allege a cause of action based upon such an examination. The ADA recognizes that queries aimed at determining a person's medical condition are *per se* improper. *See, Taylor v. Health*, 675 Fed.Appx. 676, 678 (9th Cir. 2017) ("[P]laintiffs need not prove that they are qualified individuals with a disability in order to bring claims challenging the scope of medical examinations under the ADA." (internal quotations omitted)).

Finally, Defendant's contention that asking improper questions regarding an individual's vaccination status somehow transforms every unvaccinated individual into having an ADA disability appears to be grounded in its earlier mistaken analysis that being unvaccinated is the disabling condition alleged by Plaintiff—it is not. This is an illogical assertion and once again attempts to shift the focus of this case to a position that Plaintiff does not take.

### III. Plaintiff Exhausted His Administrative Remedies

Defendant's contention that Plaintiff has not addressed its argument regarding failure to exhaust administrative remedies is false. Plaintiff has in fact addressed this argument both in his First Amended Complaint and Opposition to Defendant's Motion to Dismiss.

To be timely, a Charging Party must file a Charge of Discrimination with EEOC within 300 days of the alleged unlawful employment practice if the Charging Party complains in a state with

a deferral agency. 42 U.S.C. § 2000e-5(e)(1); *Elzeftawy v. Pernix Grp., Inc.*, 477 F.Supp.3d 734, 766-67 (N.D. Ill. 2020). This 300-day time frame applies to Plaintiff, a citizen of the State of Wisconsin (FAC, ¶ 3), as Wisconsin is a deferral state. *Wheeler v. Brady Corp.*, 712 F.Supp.2d 801, 820 (E.D. Wis. 2010).

"[A]n an intake questionnaire can suffice as a 'charge' if it can be 'reasonably construed as a request for the agency to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee.'" *Cover v. OSF Healthcare Systems*, No. 18 C 50114, 2020 WL 108422, at *1 (N.D. Ill., Jan. 9, 2020) (quoting *Federal Expres Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S. Ct. 1147, 170 L.Ed.2d 10 (2008)). "We know from [*Holowecki*] that a document may be a 'charge' even if it lacks an appropriate caption and charging language. A piece of paper that alleges discrimination and asks the agency to take remedial action suffices." *E.E.O.C. v. Watkins Motor Lines, Inc.*, 553 F.3d 593, 597-98 (7th Cir. 2009). Even where the date on the Charge of Discrimination issued by EEOC is later than the 300-day period, "*Holowecki* permits other earlier-filed documents – i.e., the EEOC intake forms – to satisfy the deadline." *Cover*, 2020 WL 108422, at *1.

Plaintiff initiated his complaint with EEOC on May 30, 2022, as evidenced by the Inquiry form generated by EEOC. *FAC, ¶ 23; Pl's Ex. No. 1 (Inquiry form)*.[1] As set forth in the FAC, this Inquiry was received 210 days after the alleged unlawful employment practice, which is described in the Inquiry form. *FAC, ¶ 23; Pl's Ex. No. 1* (Adverse Action(s)). The Inquiry records Plaintiff

---

[1] A court may consider attachments to filings pertaining to a Motion to Dismiss where such documents are referenced in the complaint and are "integral to the complaint." *Sonrai Systems, LLC v. Waste Connections, Inc.*, --- F.Supp.3d ---, 2023 WL 2266147, at *3 (N.D. Ill., Feb. 28, 2023); *Strow v. B & G Foods, Inc.*, 633 F.Supp.3d 1090, 1100, n. 1 (N.D. Ill. 2022). Plaintiff plainly alleged the existence and the contents of the Inquiry in the FAC, and Defendant has made an issue of the timeliness of Plaintiff's Charge of Discrimination (ECF 19, pp. 9-10).

as the Charging Party and Defendant as the Respondent. *Pl's Ex. No. 1*. It describes the "Reason(s) for Complaint" as "Religion, Disability." [2] Finally, and notably, the Inquiry form records a Charge of Discrimination number – 440-2022-06056 – which is identical to the Charge number affixed to the Charge of Discrimination and the "Determination and Notice of Rights, *i.e.*, "Right to Sue Letter," and which was specifically pled in the FAC. *FAC, ¶¶ 23, 25, 26; Pl's Ex. Nos. 1, 2 (Charge of Discrimination), 3 (Right to Sue Letter)*. Consequently, the Inquiry form is precisely the type of document that the United States Supreme Court, the Seventh Circuit, and the Northern District of Illinois have proclaimed sufficient to satisfy filing deadline pertaining to a Charge of Discrimination.

Even assuming *arguendo* that the Court does not find that the Inquiry form is not covered by the *Holowecki* paradigm, this circumstance qualified for equitable tolling. "'[F]iling a timely charge of discrimination is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" *Jimenez v. Laborer's Welfare Fund*, 493 F.Supp.3d 671, 680 (N.D. Ill. 2020) (quoting *Zipes v. Trans World Airlines*, 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L.Ed.2d 234 (1982)). An entitlement to equitable tolling arises where the plaintiff has pursued his rights diligently, but "an extraordinary circumstance" intervenes to prevent a timely filing. *Thompson v. United States*, --- F.Supp.3d ---, 2023 WL 2751112, at *5 (N.D. Ill., March 31,2023) (citing to *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255, 136 S. Ct. 750, 193 L.Ed.2d 652 (2016)). As the Supreme Court has opined, "Equitable tolling effectively extends an otherwise discrete limitations period set by Congress. . .The doctrine is a traditional feature of American jurisprudence and a

---

[2] Plaintiff opted not to allege any causes of action in his FAC pertaining to religion. However, it is beyond dispute that Plaintiff's FAC claims sound in disability discrimination.

background principle against which Congress drafts limitations periods." *Arellano v. McDonough*, 143 S. Ct. 543, 547, 214 L.Ed.2d 315 (2023) (internal quotations and citations omitted).

As set forth in the FAC, Plaintiff lodged his complaint with EEOC as *pro se* party. *FAC, ¶ 23*. Accordingly, Plaintiff relied on the agency to timely meet deadlines that would comport with the strictures of the statute and accompanying regulations, including setting appointments and drafting a Charge of Discrimination prior to the expiration of the 300-day filing period. The federal employment discrimination statutes envision "a remedial scheme in which laypersons, rather than lawyers, are expected to initiate the process." *E.E.O.C. v. Commercial Office Products Co.*, 486 U.S. 107, 124, 108 S. Ct. 1666, 100 L.Ed.2d 96 (1988). Accordingly, "[t]he system must be accessible to individuals who have no detailed knowledge of the relevant statutory mechanisms and agency processes." *Holowecki*, 552 U.S. at 403.

As alleged in the FAC, Plaintiff initiated his matter with EEOC well before the expiration of the 300-day filing period (within 210 days, on May 30, 2022). *FAC, ¶ 23*. Notwithstanding, the Inquiry form noted that EEOC set the initial appointment with Plaintiff for September 6, 2022, which was nine days subsequent to the expiration of the 300-day period. *FAC, ¶ 24; Pl's Ex. No. 1*. Further, EEOC, the drafter of the Charge of Discrimination, did not present the Charge to Plaintiff until well after that date, leading to the submission of the signed Charge by Plaintiff on October 5, 2022. *FAC, ¶ 54; Pl's Ex. No. 1*. Consequently, Plaintiff diligently pursued his complaint with EEOC, but the perfecting of the EEOC Form 5 – which was under the exclusive control of EEOC – was delayed by a circumstance beyond Plaintiff's control and knowledge of the procedures administered by EEOC. Equitable tolling applies.

7

## CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion for Leave to Amend his Complaint.

Dated: October 13, 2023       Respectfully submitted,

*s/ Daniel K. Cetina*_____
Daniel K. Cetina (Illinois SBN: 6320423)
Walsh, Knippen & Cetina, Chartered
2150 Manchester Road, Suite 200
Wheaton, IL 60187
Telephone: (630) 462-1980
Facsimile: (630)-462-1984
dan@wkc-lawyers.com


*/s/ John J. Michels, Jr.*
John J. Michels, Jr. (*Pro Hac Vice*)
Federal Practice Group
1750 K Street N.W., Suite 900
Washington, D.C. 20006
Telephone: (202) 862-4360
Facsimile: (888) 899-6053
lmichels@fedpractice.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of October 2023, I electronically transmitted the attached notice to the U.S. District Court Clerk's office using the CM/ECF System for filing.

*s/ Daniel K. Cetina*_____
Daniel K. Cetina (Illinois SBN: 6320423)
Walsh, Knippen & Cetina, Chartered
2150 Manchester Road, Suite 200
Wheaton, IL 60187
Telephone: (630) 462-1980
Facsimile: (630)-462-1984
dan@wkc-lawyers.com